**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA**
Plaintiff-Appellee

v.

**DARIAS JACKSON**
Defendant-Appellant

*On Appeal from the United States District Court
for the Southern District of Ohio*

**MOTION FOR EXTENSION OF TIME
TO FILE APPELLANT'S BRIEF**

TYLER M. CAVINESS
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, Tennessee 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Darias Jackson*

## FIRST MOTION FOR EXTENSION OF TIME
## TO FILE APPELLANT'S BRIEF

The appellant, Darias Jackson, by and through counsel and pursuant to Fed. R. App. P. 26(b) and 6 Cir. R. 26, respectfully moves this Honorable Court for an extension of time to file the appellant's principal brief. Mr. Jackson's brief is due to be filed electronically by February 25, 2026. Mr. Jackson requests a thirty-day extension to March 23, 2026 for the filing of his brief.

In support of this motion, the appellant submits the following:

1.      Counsel was appointed to represent Mr. Jackson on November 25, 2025. *Briefing Letter*, Doc. 7. Counsel has made numerous attempts since that time to speak with Mr. Jackson, a federal inmate, but has been unsuccessful. As a result, Mr. Jackson has not had the opportunity to have input on his appeal, nor has counsel had the benefit of Mr. Jackson' perspective on his case.

2.      Counsel sent Mr. Jackson a letter on December 16, 2025 introducing himself and asking Mr. Jackson to seek help from his counselor to facilitate an attorney-client call. In counsel's experience, can result in the counselor reaching out to schedule the call more quickly than going through the prison operator and/or leaving messages at the counselor's desk.

3.      The transcripts in Mr. Jackson's case were all filed by January 15, 2026, and the briefing schedule was set on January 16, 2026. *Briefing Letter*, Doc. 20. After not receiving any correspondence from Mr. Jackson or his counselor, undersigned counsel sent

Mr. Jackson a second letter the first week of February, 2026.

4.  At the same time counsel sent the letter, counsel also called FCI McDowell, the federal prison where Mr. Jackson is housed. When counsel called, the operator stated Mr. Jackson's counselor could not be located and asked counsel to call back. When asked, the operator stated the prison counselor's email address could not be given over the phone.

5.  Counsel called the prison the following day and was told by a different operator that he did not show Mr. Jackson as being in the facility. The operator advised counsel to call the BOP national inmate locator phone line. Counsel did so, and the locator designated Mr. Jackson as being housed at FCI McDowell (consistent with the online BOP inmate locator).

6.  On February 9, 2026, counsel received an email from a prison staff member that Mr. Jackson's letter had been received and that the staff member was reaching out to schedule a call. Counsel responded and an attorney-client call was scheduled for February 11, 2026.

7.  When counsel called FCI McDowell on February 11, he spoke with a prison staff member who advised that the facility had been without water for some period of time (this was counsel's understanding of the situation), leading to administrative issues, and that they were unable to accommodate the phone call. Counsel was advised to send a follow-up email to schedule another call.

8.  Counsel sent a follow-up email the same day, requesting to schedule a call for the week of February 16, 2025. Counsel received a return email regarding potential

dates/times, but a second email from counsel to finalize the date/time was not returned. Counsel is sending another email today.

9. Counsel also received an email from a relative of Mr. Jackson's this week stating that Mr. Jackson is currently without a counselor and relaying the difficulties in setting up an attorney-client call.

10. Counsel acknowledges that additional efforts should have been made in January to reach Mr. Jackson. However, the difficulties over the last three weeks in coordinating a call with Mr. Jackson were unexpected.

11. Counsel requests an extension of time to ensure that Mr. Jackson has the opportunity to meaningfully participate in his appeal through communication with his counsel and review of the issues in his case.

12. Undersigned counsel has spoken with the attorney for the United States and the Government has no objection to this motion.

13. For these reasons, Mr. Jackson respectfully moves the Court to extend the current briefing schedule by thirty days.

Respectfully submitted,

/s/ Tyler M. Caviness
TYLER M. CAVINESS (TN BPR #036273)
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, TN 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Darias Jackson*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Fed. R. App. P. Rule 25(d), I hereby certify that a true and exact copy of the foregoing was forwarded, via the Court's electronic filing ("ECF") system, this 20th day of February, 2026, to:

Alexis Zouhary
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, OH
(513) 684-3711
*Counsel for the United States*

<u>/s/ Tyler M. Caviness</u>
TYLER M. CAVINESS