---

**Case No. 25-3811**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA**
Plaintiff-Appellee

v.

**DARIAS JACKSON**
Defendant-Appellant

*On Appeal from the United States District Court*
*for the Southern District of Ohio*

---

# RESPONSE TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL

---


TYLER M. CAVINESS
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, Tennessee 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Darias Jackson*

**RESPONSE TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL**

The appellant, Darias Jackson, by and through counsel and pursuant to Fed. R. App. P. 27(a)(3) and 6 Cir. R. 27, respectfully moves this Honorable Court to enter an Order denying the Plaintiff-Appellee's Motion to Dismiss Appeal [Doc. 26] because the district court's sentencing errors affected the fundamental principles that a defendant should be sentenced based on his intent and individual culpability. Enforcing the appeal waiver in this case would insulate a sentencing process that was directly contrary to this Court's precedent and the instructions from the United States Sentencing Commission.

The Government argues that Mr. Jackson's appeal should be dismissed based on the appellate waiver in his plea agreement. *Plaintiff-Appellee's Motion to Dismiss Appeal*, [Doc. 26], at p. 7. It asserts that the miscarriage of justice exception to the enforcement of the waiver should not apply because the errors raised in Mr. Jackson's opening brief are "guideline[s] error[s]" that fit within the bounds of claims that can be waived. *Id*. at p. 7-9.

This Court has held it is foreseeable that a district court could commit a procedural or substantive error at sentencing, and that is the risk a defendant takes when signing a plea agreement containing an appellate waiver. *See United States v. Mukhdomi*, 170 F.4th 509, 512 (6th Cir. 2026). However, this Court has also distinguished between errors that would result in a miscarriage of justice and those that a defendant "should have anticipated when [he] bargained away [his] appeal rights." *United States v. Mathews*, 534 Fed. Appx. 418, 426 (6th Cir. 2013).

The government cites several cases where this Court enforced an appellate waiver against a defendant's arguments to the contrary. Common to those cases though, is that the defendant – having previously agreed to the waiver – raised appellate issues related to discretionary sentencing decisions or factual determinations by a district court. *See United States v. Riggins*, 677 F. Appx. 268 (6th Cir. 2017) (defendant argued error related to the application of U.S.S.G. 1B1.3 and whether weapon was brandished or used, the difference between a four-level enhancement or three-level enhancement); *United States v. Allen*, 635 Fed. Appx. 311 (6th Cir. 2016) (defendant raised objection to application of U.S.S.G. §2K2.1, that firearm was used in connection with an aggravated assault, based on district court's findings that defendant "intentionally and without provocation, shot at [victim and others]."); *see also United States v. Rush*, No. 23-5533, 2024 WL 5689727 (6th Cir. Dec. 9, 2024) (defendant argued that the district court erred by failing to adjust his sentence length pursuant to U.S.S.G. § 5G1.3(b)(1) – a discretionary decision post-*Booker* – to account for his state-court sentence based on the same conduct).

In contrast to these cases, Mr. Jackson takes issue with the district court's failure to apply the legal framework that required the court to make findings about Mr. Jackson's knowledge of the conduct for which he was sentenced. *See Brief of the Appellant*, [Doc. 25], at p. 19-24. While this error was in the form of the application of a sentencing guideline, its effect strikes at the heart of the fundamental principles that criminal liability be based on intent and that punishment be based on individual culpability. *See Ruan v. United States*, 597 U.S. 450, 457-58 (2022); *see generally*, *Graham v. Florida*, 560 U.S.

48, 59 (2010) (referencing the "precept of justice that punishment for the crime should be graduated and proportioned to the offense.") (citation omitted).

Given the foundational importance of that factual determination, Mr. Jackson could not have reasonably anticipated that the district court would commit such an error. The improbability of the situation was increased given the controlling precedent from this Court underscoring the necessity for the district court to determine what Mr. Jackson knew, or reasonably should have known about the underlying offense conduct. *United States v. Shabazz*, 263 F.3d 603 (6th Cir. 2001); *see also United States v. Morgan*, 687 F.3d 688 (6th Cir. 2012) (reversing and remanding for resentencing because district court's finding that defendant "could have formed" intent to kill was not the same as finding that he did, in fact, have the intent to kill, so cross-reference to attempted murder was not appropriate). When Mr. Jackson signed the plea agreement, it was certainly foreseeable that the court might make a factual determination or discretionary decision that was contrary to Mr. Jackson's position. However, had Mr. Jackson known he was at risk of being sentenced without the findings required by *Shabazz* and U.S.S.G. §2X3.1, there would be no incentive for him to sign the plea, much less agree to waive his appeal.

The government cites its interest in finality as an additional reason that the appellate waiver should be enforced. *Id*. at p. 9. While that interest is certainly strong and legitimate, it is at least equally counterbalanced by the fundamental sentencing principles referenced above – that criminal liability be based on intent and punishment be based on individual culpability.

For these reasons, this Court should hold that it would be a miscarriage of justice for the appellate waiver to bar Mr. Jackson's appeal and enter an order denying the Government's motion to dismiss.

Respectfully submitted,

/s/ Tyler M. Caviness
TYLER M. CAVINESS (TN BPR #036273)
LAW OFFICE OF TYLER M. CAVINESS
625 Market Street, Suite 1000
Knoxville, TN 37902
(865) 936-9499
tyler@cavinesslawfirm.com
*Counsel for Darias Jackson*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. Rule 25(d), I hereby certify that a true and exact copy of the foregoing was forwarded, via the Court's electronic filing ("ECF") system, this 18th day of May, 2026, to:

Alexis Zouhary
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, OH
(513) 684-3711
Alexis.Zouhary@usdoj.gov
*Counsel for the United States*

/s/ Tyler M. Caviness
TYLER M. CAVINESS